IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:14-bk-09781 |
| CERQA, LLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | |

**DEBTOR'S EXPEDITED MOTION TO SELL ACCOUNTS RECEIVABLE**

Pursuant to 11 U.S.C. § 363, Debtor Cerqa, LLC ("Debtor") hereby respectfully requests entry of an order seeking authorization to sell accounts receivable on same terms and conditions approved by the Court in that certain *Order Denying Expedited Motion of Cerqa, LLC for Interim and Final Orders Authorizing DIP Financing and Use of Cash Collateral and Granting Adequate Protection* (Docket No. 101) (the "Order"). The Debtor states the following in support of this motion:

1. **Expedited Relief Requested**. The Debtor requests a hearing on this motion, and an order authorizing it to sell its accounts receivable to Business Partners Network, LLC on terms consistent with those contained in the Order.

2. **Basis for Urgency**. This motion must be considered on an expedited basis because, pursuant to the Order, the Debtor's ability to sell accounts receivable will expire on April 9, 2015. Without the relief requested herein, the Debtor will be unable to satisfy its payroll obligations and other cash expenses that arise on and after April 10, 2015. These time constraints do not permit a hearing on regular notice.

3. **Notice**. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email, (iii) the 20 largest creditors and all secured creditors via email, fax, or U.S. mail.

4. <u>Suggested Hearing Date</u>. The Debtor requests a hearing date of April 7, 2015, at 9:00 a.m.

5. <u>Compliance with Local Bankruptcy Rule 2081-1(f)</u>. This motion does not seek relief that requires disclosure pursuant to Local Bankruptcy Rule 2081-1(f).

6. <u>Supporting Argument</u>. The Debtor supports this motion as set forth below.

**BACKGROUND**

7. On December 15, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code to initiate this bankruptcy case. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its assets as debtor-in-possession. No trustee or examiner has been appointed in this case, nor has any official creditors committee been formed.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

9. The Debtor is a Tennessee limited liability company with a principal address located at 325 Mason Road, LaVergne, Tennessee 37086. The Debtor's background and a description of the business model and post-petition transactions have become a matter of record in connection with the *Debtor's Expedited Motion for Interim and Final Orders Authorizing (I) Debtor-in-Possession Financing, (II) Sale of Accounts Receivable, and/or (III) Use of Cash Collateral and Granting Adequate Protection* (Docket No. 8). The representations and testimony is further incorporated herein.

10. In the ordinary course of operations, the Debtor performs fulfillment and other services that generate accounts receivable. The extent and identity of accounts receivable are constantly changing based upon receipt of payment and the generation of invoices.

11. On March 26, 2015, the Court denied the Debtor's initial motion to, among other things, obtain funding and sell accounts receivable pursuant to a pre-petition agreement between the Debtor and BPN. *See* Docket No. 101. The order (the "Order") further states the following:

> Notwithstanding the Court's denial of the Debtor's motion, Debtor may, for a period of up to two (2) weeks from the date of entry of this order, sell post-petition accounts receivable at a discount of up to 3.5 percent (3.5%) of the invoice amount. Any sales of said accounts receivable to BPN during this two-week period shall not be made pursuant to any of the terms and conditions contained in the Factoring Agreement tendered to the court for final approval, the terms of which are specifically not approved by the Court.

12. The Debtor seeks to continue to sell its accounts receivable on the same terms contained in the Order. The Debtor and BPN intend to enter into sale transactions based strictly on the needs of the Debtor. Specifically, the Debtor will not agree to sell an account receivable, and BPN will not agree to buy an account receivable, unless the Debtor determines that it has a cash need that requires a sale.

13. Nothing in the motion is intended to require the Debtor to sell, or BPN to purchase, any particular account receivable.

14. The Debtor and BPN had a pre-petition funding relationship that is more fully described on the record, and in prior pleadings, during this case. BPN continues to own 10% of IRG3, LLC, which is a 39% minority owner of the Debtor.

## ARGUMENT

15. Courts give broad deference to the business decisions of a debtor in possession. *See, e.g, Richmond Leasing v. Capital Bank*, 762 F.2d 1303, 1309 (5th Cir. 1985). In particular, a bankruptcy court generally will respect a debtor-in-possession's business judgment regarding the need for, and proposed uses of, funds. *In re Ames Dept. Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D. N.Y. 1990)(citations omitted).

16. Section 363(f) of the Bankruptcy Code provides that a debtor-in-possession may

sell property free and clear of any interest in such property under the following circumstances:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

17. The Debtor asserts that only BPN has a lien on the assets the Debtor seeks to sell. The Debtor further asserts that BPN consents to the sale under the terms contained in this motion. BPN's consent satisfies the requirements of Section 363(f). *See Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citations omitted); *In re Tabone, Inc.*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)). Accordingly, the relief requested satisfies the requirements of §363(f).

18. The Debtor is satisfied that the sale of its accounts receivable on the terms herein is prudent, necessary, better than those given by other factoring companies in the market, and the most cost-effective manner in which to obtain funding. The proposed terms do not provide BPN with additional security in exchange for the sale, and BPN further does not have recourse against the Debtor notwithstanding the collection rate of the purchased accounts receivable. However, prior to the hearing on this motion, the Debtor has sought, and will continue to seek, funding

opportunities from alternative sources on terms more favorable than those contained herein. The Debtor has been refused funding as a result of the bankruptcy.

19. Without the sale of accounts receivable, the Debtor asserts that it will not have the funds necessary to operate its business, maintain assets, or pay employees, payroll taxes, insurance, utilities, suppliers and other post-petition vendors, overhead, lease expenses and other expenses required for Debtor's business and to maximize the value of Debtor's estate. The motion must therefore be granted in order to allow the Debtor to fund a plan of reorganization that it intends to file.

20. In accordance with Federal Rule of Bankruptcy Procedure 4001(d)(1)(A)(ii), the Debtor asserts that there is no agreement between the Debtor and BPN that can be attached to this motion. The proposed order accompanying the motion sets forth the entire terms of the proposed asset purchases.

21. WHEREFORE, based on the foregoing, Debtor respectfully requests that the Court enter an order (i) setting the motion for hearing, (ii) authorizing the Debtor to sell its accounts receivable on the terms and conditions set forth herein (proposed order attached hereto), and (iii) granting any other relief necessary.

Respectfully Submitted,

/s/ Griffin S. Dunham
Griffin S. Dunham
EMERGE LAW, PLC
2021 Richard Jones Road, Suite 240
Nashville, Tennessee 37215
615.953.2682
615.953.2955 (fax)
griffin@emergelaw.net
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

This motion has been served in the manner indicated in Paragraph 3 of this motion on the 31st day of March, 2015.

/s/ Griffin S. Dunham
Griffin S. Dunham

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:14-bk-09781 |
| CERQA, LLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | |

## ORDER GRANTING EXPEDITED MOTION TO SELL ACCOUNTS RECEIVABLE

This matter is before the Court upon the *Debtor's Expedited Motion to Sell Accounts Receivable* (the "Motion") seeking an expedited hearing on the Debtor's request to sell accounts receivable to Business Partners Network, LLC. It appearing to the Court that the Debtor needs cash in order to operate its business, and it further appearing that the proposed terms of sale contained in the Motion are in the best interests of the Debtor and its creditors, the Court finds that good causes exists to grant the Motion. It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. The Motion is GRANTED.

2. The Debtor shall be authorized, but not required, to sell accounts receivable to Business Partners Network, LLC ("BPN") from time to time as necessary to satisfy the Debtor's cash needs.

3. The maximum discount rate for any purchased account receivable shall be 3.5%.

4. The sale of any account receivable shall be without recourse to the Debtor.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF THIS PAGE.

APPROVED FOR ENTRY:


/s/ Griffin S. Dunham
Griffin S. Dunham
EMERGE LAW, PLC
2021 Richard Jones Road, Suite 240
Nashville, Tennessee 37215
615.953.2682
615.953.2955 (fax)
griffin@emergelaw.net
*Counsel for the Debtor*